Filed 2/10/21  P. v. Villanueva CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058295 |
| v. | (Super. Ct. No. 94NF0824) |
| JOSE LUIS VILLANUEVA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Fred W. Slaughter, Judge.  Reversed and remanded.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2019, defendant Jose Luis Villanueva petitioned the superior court to vacate his 1995 second degree murder conviction and to resentence him pursuant to Penal Code section 1170.95.[1] Section 1170.95 was enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which also amended sections 188 and 189 to limit accomplice liability for murder under the natural and probable consequences doctrine and the felony-murder rule. (Stats. 2018, ch. 1015.) Under section 1170.95, qualifying defendants can petition the superior court to have their murder convictions vacated and to be resentenced. (Stats. 2018, ch. 1015, § 4.) Here, the court did not determine whether defendant qualified for such relief; instead, the court denied the petition on the ground that Senate Bill 1437 unconstitutionally amends statutes approved by voters with Proposition 7 in 1978 and Proposition 115 in 1990.

Appealing from the order denying his petition, defendant argues Senate Bill 1437 is constitutional because it does not amend either Proposition 7 or Proposition 115.[2] We agree. Since the trial court's ruling, Senate Bill 1437 has been upheld as constitutional by panels of this court (*People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Prado* (2020) 49 Cal.App.5th 480) and by our colleagues in Division One of this district (*People v. Superior Court* (*Gooden*) 42 Cal.App.5th 270; *People v. Lamoureux* (2019) 42 Cal.App.5th 241) and Division Two (*People v. Lippert* (2020) 53 Cal.App.5th 304; *People v. Johns* (2020) 50 Cal.App.5th 46). Several other appellate districts have concurred. (*People v. Lombardo* (2020) 54 Cal.App.5th 553, 560-561 [3d App. Dist.]; *People v. Murillo* (2020) 54 Cal.App.5th 160, 166, fn. 3 [2d App. Dist., Div. 1]; *People v. Nash* (2020) 52 Cal.App.5th 1041, 1053 [5th App. Dist.]; *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 902, 917 [3d

_____

[1]    All further statutory references are to the Penal Code.

[2]    The People did not file a respondent's brief. Pursuant to California Rules of Court, rule 8.360(c)(5)(B), we decide the appeal based on the record and defendant's opening brief.

App. Dist.]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 601-602 [2d App. Dist., Div. 2]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211-222 [6th App. Dist.]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92, rev. granted July 22, 2020, S262835 [2d App. Dist., Div. 5];[3] *People v. Bucio* (2020) 48 Cal.App.5th 300, 306-312 [2d App. Dist., Div. 6].)

We agree with these decisions and conclude Senate Bill 1437 is constitutional as it amends neither Proposition 7 nor Proposition 115 within the meaning of article II, section 10, subdivision (c) of the California Constitution. We reverse the court's order denying defendant's section 1170.95 petition and remand the matter for the court to consider the petition on its merits.

## DISPOSITION

The postjudgment order denying defendant's petition for resentencing under section 1170.95 is reversed and the matter is remanded for further proceedings on the merits of defendant's petition.

IKOLA, J.

I CONCUR:

O'LEARY, P. J.

---

[3] Review was granted in *People v. Smith, supra*, 49 Cal.App.5th 85, S262835, on the issues of (1) whether a superior court can consider the record of conviction in determining whether a defendant made a prima facie showing of eligibility for relief under section 1170.95 and (2) when the right to appointed counsel arises under section 1170.95, subdivision (c).

Fybel, J., Concurring:

I concur for the reasons stated in *People v. Solis* (2020) 46 Cal.App.5th 762 and *People v. Cruz* (2020) 46 Cal.App.5th 740.


FYBEL, J.

1